JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKA MITCHELL, on behalf of herself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>CROSSMARK, INC., CHI MANAGEMENT GROUP, LP, CROSSMARK HOME IMPROVEMENT SERVICES, LLC, and DOES 2 through 50, inclusive,<br><br>Defendants. | CASE NO.: CV 11-2818-JAK (FMOx)<br><br>[~~PROPOSED AMENDED~~] **FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT**<br><br>**DATE:** June 18, 2012<br>**TIME:** 8:30 A.M.<br>**COURTROOM:** 750<br>**JUDGE:** Hon. John A. Kronstadt |

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT**

1  The Court conducted a hearing regarding the fairness and final approval of
2  the Joint Stipulation of Settlement and Release and Plaintiff's unopposed
3  application for approval of attorneys' fees and costs, Class Representative's service
4  payment, and settlement administration expenses on June 18, 2012, at 8:30 a.m., the
5  Honorable John A. Kronstadt presiding.

6  The parties appeared by and through their respective counsel of record.

7  After considering the papers and the arguments of counsel, as well as any
8  papers filed by objectors, and good cause appearing, the Court GRANTS Plaintiff's
9  Motion for Final Approval and Judgment, and Plaintiff's Unopposed Application
10 for Approval of Attorneys' Fees and Costs, Class Representative's Service
11 Payment, and Settlement Administration Expenses and rules as follows.

12 IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

13 1.  The Joint Stipulation of Settlement and Release (hereafter, the
14 "Settlement Agreement") and all definitions set forth therein are hereby
15 incorporated with and made part of this Final Order Approving Class Action
16 Settlement and Judgment ("Final Order and Judgment").

17 2.  This Court has jurisdiction over the subject matter of this Action and
18 all parties to this Action, including the settlement Class Members, as defined in the
19 Settlement Agreement.  Specifically, the members of the Class that are subject to
20 this Final Order and Judgment are all persons who were employed by Defendants in
21 the State of California as hourly, non-exempt employees from October 8, 2006
22 through February 27, 2012, the date this Court granted Preliminary Approval of the
23 Settlement.

24 3.  The Settlement Agreement previously filed in this action, and the
25 terms set forth therein, are hereby found and determined to be fair, reasonable, and
26 adequate, and are hereby approved and ordered to be performed by all parties.

27 4.  The Court finds that the form, manner and content of the Class Notice
28 as detailed in the Settlement Agreement and Exhibits thereto provided a means of

1

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT**

notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and thereby met the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution and any other applicable law, and constituted due and sufficient notice to all Class Members entitled thereto.  Specifically, individual notice was provided to all Class Members by regular mail to all such persons at their last known mailing address on file with Defendants, or an updated address obtained by the Claims Administrator.

5. This Final Order and Judgment applies to all claims or causes of action settled under the terms of the Settlement Agreement, and shall be fully binding with respect to all Class Members who did not properly request exclusion pursuant to the Order Granting Preliminary Approval of Class Action Settlement entered by this Court on February 27, 2012.  Upon entry of this Order, Plaintiff and Settlement Class Members who have not opted-out of the Settlement shall be deemed to have released the Settling Defendants of the Class Member Released Claims, which are defined in the Settlement Agreement.

6. Representative Plaintiff Ericka Mitchell and all Class Members who did not properly request exclusion are barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any claims released under the Settlement Agreement which they had, or have, to the extent provided in the Settlement Agreement.

7. As of the date of this Final Approval Order, except as to such rights or claims that may be created by the Settlement, each and every Released Claim of each Class Member who did not timely submit a valid request for exclusion is and shall be deemed to be conclusively released as against the Settling Defendants (as those terms are defined in the Stipulation).

8. The Claims Administrator shall conduct all administration of the Maximum Settlement Amount.  The Claims Administrator shall disburse attorneys'

1  fees and costs to the Class Counsel from the Maximum Settlement Amount as
2  ordered by the Court.  The Claims Administrator shall prepare and issue all
3  disbursements of the Net Settlement Amount to Qualified Claimants.

4      9.    All claims asserted by Representative Plaintiff and the Class Members
5  in this Action are hereby dismissed with prejudice.

6      10.    The Court finds that Gaines & Gaines, APLC, Steven L. Miller,
7  APLC, and Law Offices of Scott A. Miller, APC are qualified to represent the
8  Settlement Class and confirms their appointment as Class Counsel.  The Court
9  hereby grants Class Counsel's request for an award of attorneys' fees and costs in
10  the amount of $296,817.80 to be paid from the Maximum Settlement Amount.  The
11  Court finds that the amount of this award is fair and reasonable in light of the
12  efforts expended by Class Counsel in prosecuting this Action and the results
13  obtained.

14      11.    The Court finds and determines that the payment of $25,000 to the
15  California Labor and Workforce Development Agency ("LWDA") in settlement of
16  the LWDA's share of the penalties alleged by Plaintiff and compromised under the
17  settlement is fair and reasonable.  The Court hereby gives final approval to and
18  orders that the payment of that amount be made to the LWDA out of the Maximum
19  Settlement Amount in accordance with the terms of the Settlement.

20      12.    The Court finds that it is appropriate for the Class Representative
21  Ericka Mitchell to be paid $5,000 as a Service Enhancement in recognition of her
22  contribution to this litigation and service to the Class, and as consideration of her
23  general release of all claims against Defendants.  This payment shall be paid from
24  the Maximum Settlement Amount, as detailed in the Settlement Agreement.

25      13.  The Court approves the payment of settlement administration expenses
26  to Simpluris, Inc. in an amount not to exceed $43,000.  This payment shall be made
27  from the Maximum Settlement Amount and any uncharged portion of this amount
28  shall be added to the Net Settlement Amount.

14. All objections to the Settlement are OVERRULED.

15. Without affecting the finality of this Final Order and Judgment in any way, the Court hereby retains continuing jurisdiction over the parties for the purpose of construing, enforcing and administering this Final Order and Judgment, and the terms of the Settlement Agreement. The time to appeal from this Judgment shall commence upon its entry.

16. In the event that the Settlement Effective Date defined in the Settlement Agreement does not occur, this Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiff, settlement Class Members, and Settling Defendants.

17. Any settlement checks uncashed 180 days after issuance will be treated as *cy pres* funds and donated to charitable organizations as follows: 50% to Children's Miracle Network; 25% to the ALS Association (Orange County Chapter); and 25% to the City of Hope.

**IT IS SO ORDERED.**

Dated: June 25, 2012

_____
United States District Court Judge